**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROLAND M. MURRAY                                                             PLAINTIFF
ADC #90500

V.                                          NO: 5:11CV00333 DPM/HDY

RAY HOBBS *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Roland M. Murray, an inmate at the Arkansas Department of Correction, filed a *pro se* complaint on December 27, 2011. On August 2, 2012, Defendants Ray Hobbs, Wendy Kelley, Douglas M. Sell, and Robert A. Parker, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #28-#30). On August 23, 2012, Plaintiff filed a response, a brief in support, and a statement of facts (docket entries #32-#34).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he is serving a life sentence for rape, first degree sexual assault, and third degree carnal abuse. Plaintiff claims that he has been denied access to the Reduction of Sexual Victimization Program ("RSVP") because he has a life sentence, and his requests for a waiver have been denied. Plaintiff seeks monetary damages and injunctive relief in the form of admission to RSVP. Plaintiff, who is black, asserts that other inmates are given more opportunities to enroll in similar programs, and offered examples of a white inmate who was allowed to participate in a life skills program, and another who was allowed to participate in a dog kennel program. Thus, Plaintiff has raised an equal protection claim.

Plaintiff also charges that he has been subjected to cruel and unusual punishment by not being allowed to participate in RSVP. According to Plaintiff, his untreated sexual issues have resulted in him being moved twice in the last 14 months after other inmates awoke to Plaintiff touching their private areas. Plaintiff asserts that his untreated impulses result in a threat to his and other inmates' safety, and RSVP would help him live a "civilized life behind bars."

Defendants contend that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Defendants Sell and Parker, and that he has not stated a claim for deliberate indifference to his mental health needs, or for a violation of his equal protection rights.

Exhaustion

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In response to Defendants' motion, Plaintiff stipulates that he did not exhaust his administrative remedies against either Parker or Sell, and agrees that they should be dismissed (docket entry #33, pages #1 & #2). Accordingly, Defendants' motion should be granted with respect to Plaintiff's claims against Parker and Sell.

Equal protection

"The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest. *Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc). In the instant case, Defendants note that RSVP is mandated as a parole stipulation for many inmates and has a significant waiting list. There is no evidence that the life skills program or the dog kennel program are similar to RSVP. Thus, even if a life sentence inmate was allowed to participate in a life skills class or the dog kennel program, such an inmate is not similarly situated to Plaintiff.

In response, Plaintiff has provided interrogatory responses, apparently from Parker, in which he indicates that one white inmate with a life sentence was admitted to RSVP in January of 2005

4

(docket entry #32, page #7).  However, there is no evidence that Hobbs or Kelley granted the inmate a waiver to participate in the program, nor is there any evidence that the inmate was allowed to enroll in the program despite a waiting list of inmates who required the class as a condition of their parole.[1]  Moreover, an isolated example of unequal treatment is insufficient to establish that the difference in treatment was motivated by Plaintiffs' membership in a protected class, or that it burdened a fundamental right.  *See Inmates of Neb. Penal and Correctional Complex v. Greenholtz*, 567 F.2d 1368, 1381 (8th Cir. 1977) (two or three individual cases of discrimination insufficient to provide more than minimal support to an inference of classwide purposeful discrimination). Accordingly, Hobbs and Kelley are entitled to summary judgment as to Plaintiff's equal protection claim.

Cruel and unusual punishment

Plaintiff's second claim is that Hobbs and Kelley were deliberately indifferent to his mental health needs.  Plaintiff argues that if he were allowed to participate in RSVP, he could control his sexual compulsions and therefore enjoy a better quality of life.  Defendants contend that Plaintiff is demanding a specific course of treatment rather than utilizing the mental health resources which are currently available.

Although prisoners have no right to an educational or vocational program, *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992), the Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their

---

[1] Plaintiff stresses that his sentence is for life, not life without parole, and that he in fact is going before the parole board in 2015.  Regardless of his sentence, there is no assertion that the parole board has granted him parole, or that he has been granted parole conditioned upon completion of RSVP.

custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical

care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and

(2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.

*Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held

that a "prisoner must show more than negligence, more even than gross negligence, and mere

disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate*

*of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly

incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's

decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d

1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

As Defendants set forth in their statement of facts (docket entry #30), Plaintiff has access to

medical and mental health services to address his sexual compulsions.  Plaintiff has recognized the

existence of such resources in his response (docket entry #33, pages #6 & #7).  There is no evidence

that Plaintiff has sought the care of other health care providers, or that any medical professional has

prescribed RSVP as a specific remedy for Plaintiff's issues.  Because Plaintiff has other medical and

mental health treatment options available to him, any Defendants' refusal to grant him a waiver to

participate in RSVP is not evidence of deliberate indifference to his mental health needs.

Accordingly, Hobbs and Kelley are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #28) be GRANTED.

2.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his

claims against Defendants Douglas M. Sell and Robert A. Parker.

3.      Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Ray Hobbs and Wendy Kelley.

4.      All pending motions be DENIED AS MOOT.

5.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this ___12___ day of September, 2012.

_____

UNITED STATES MAGISTRATE JUDGE